**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Todd Larson**
+1 (212) 310-8238
Todd.Larson@weil.com

VIA ECF

October 9, 2024

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Sirius XM Radio Inc. v. Adeptus Partners, LLC and Lewis Stark*, No. 1:24-cv-06953-NRB

Dear Judge Buchwald:

      We write on behalf of Plaintiff Sirius XM Radio LLC (the successor to Sirius XM Radio Inc.) in response to the letter requesting a pre-motion conference filed by Defendants Adeptus Partners, LLC and Lewis Stark on October 4, 2024.  ECF No. 13 ("Defs.' Letter").  Defendants seek leave to file a motion to dismiss Sirius XM's Complaint.  *Id.* at 1.  The request is premature in light of Sirius XM's pending motion to remand and in any event lacks merit.

      **I.**    **Defendants' Motion to Dismiss is Premature**

      On October 3, 2024, Sirius XM moved to remand this case back to the New York Supreme Court. ECF No. 10.  Sirius XM contends that removal by the Defendants was made in bad faith because it was based on a purported "substantial federal question" that does not exist.  *See id*.  Because Sirius XM's remand motion addresses this Court's subject-matter jurisdiction over the case, the Court should resolve it before considering Defendants' motion to dismiss.  *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) ("Because a holding that the district court lacked removal jurisdiction would end our inquiry, we first address the district court's denial of [plaintiff's] motion to remand the case to state court for lack of jurisdiction."); *see also Cotter v. Milly LLC*, 2010 WL 286614, at *2 (S.D.N.Y. Jan. 22, 2010) ("Because the issue of proper removal involves this Court's subject matter jurisdiction, it must be decided prior to [defendant's] motion to dismiss under Rule 12(b)(6).").  Courts have denied requests for pre-motion conferences on anticipated motions to dismiss where a motion to remand is outstanding.  *See, e.g.*, *Edwardo v. Roman Cath. Bishop of Providence*, 579 F. Supp. 3d 456, 464–65 (S.D.N.Y. 2022), *aff'd*, 66 F.4th 69 (2d Cir. 2023).  That would be the prudent course here.

## II. Defendants' Anticipated Motion to Dismiss Lacks Merit

In any event, if the Court would like the parties to proceed with briefing Defendants' motion to dismiss, Sirius XM is prepared to proceed on a dual track. Sirius XM will oppose the motion, and responds below to the arguments raised in Defendants' Letter as to each claim.

### A. Breach of Contract

To gain access to Sirius XM's sensitive financial data for an audit of Sirius XM's 2018 royalty payments to non-party SoundExchange, Defendants contractually promised, among other things, that they would (1) perform an "independent audit," as that term is defined by the AICPA Code of Professional Conduct, and (2) consult with Sirius XM on the findings of that audit to "remedy any factual errors and clarify any issues relating to the audit," 37 C.F.R. § 382.7(f). Compl. ¶¶ 2, 26, 50–51. Notably, Defendants do not contest the existence of a valid contract or the enforceability of these promises. They instead argue, without any support, that Sirius XM cannot bring an action to enforce the contract because the promises they made to Sirius XM were obligations contained within nondisclosure agreements ("NDAs") and "Sirius XM does not allege that Adeptus breached the NDAs by improperly disclosing information." Defs.' Letter at 2–3. This is misdirection. The non-disclosure provisions are solely a portion of the enforceable obligations contained in the agreements, but as the Complaint makes clear, they are not the *only* enforceable obligations undertaken by Defendants in the contracts. Sirius XM is not suing for breach of the non-disclosure obligations, but instead for breaches of Defendants' contractual commitment to perform an "independent" audit and to remedy factual errors in its audit findings. Compl. ¶¶ 50–51. Defendants' implicit suggestion that they are "off the hook" for those contractual commitments because there are also non-disclosure obligations in the agreement contradicts contract law. *See Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996) (stating the elements of a breach of contract claim); *see generally* 2 Corbin on Contracts § 5.12 (2024) ("[O]ne consideration can support many promises.").

Defendants are also wrong that Sirius XM's breach of contract claim "must be dismissed" because it is "based on the same acts as a negligence-based claim." Defs.' Letter at 3. New York courts have held that plaintiffs "may maintain both tort and contract claims arising out of the same allegedly wrongful conduct" where "a legal duty independent of the contract itself has been violated," *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012) (citing *Clark–Fitzpatrick v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987)). That is the case here, where Defendants had a duty to perform an independent audit and to consult with Sirius XM on its findings not only under the express terms of their contracts with Sirius XM, but also under a separate duty imposed by tort law to conduct an audit in accordance with accepted standards of practice. *See, e.g.*, *Marks Polarized Corp. v. Solinger & Gordon*, 476 N.Y.S.2d 743, 744 (N.Y. Sup. Ct. Queens Cnty. 1984) (providing standard for professional malpractice). "The two claims may be submitted as alternatives to the jury, as a matter of both New York substantive law," *Ajax Hardware Mfg. Corp. v. Indus. Plants Corp.*, 569 F.2d 181, 185 (2d Cir. 1977) (citing *Victorson v. Bock Laundry Machine Co.*, 335 N.E.2d 275, 277–78 (N.Y. 1975)), and federal procedural law, *see* Fed. R. Civ. P. 8(e)(2).

### B. Negligence

Defendants next contend that Sirius XM "cannot sue Adeptus for malpractice because Sirius XM did not engage Adeptus [for the audit]." Defs.' Letter at 2. That is incorrect.

Under New York law, the "near-privity" doctrine authorizes this suit. A third party has grounds to sue an auditor it did not engage when (1) Defendants knew its audit would be used for a particular purpose (here, to identify underpayments against Sirius XM); (2) Defendants intended that Sirius XM rely on the Defendants' audit for that purpose; and (3) there was some conduct by Defendants linking them to the third party, here Sirius XM. *See Sec. Investor Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 73 (2d Cir. 2000) (citing *Credit Alliance Corp v. Arthur Andersen & Co.*, 483 N.E.2d 110, 118 (N.Y. 1985)). That standard is satisfied in this case, where Sirius XM alleges that "Defendants were at all times aware of what the regulations and the AICPA Code of Professional Conduct required, and that SoundExchange was relying on Defendants to adhere to those requirements in order to demand money from Sirius XM," Compl. ¶ 67; that Sirius XM was relying on the audit to verify its audit payments for the year 2018, *id.* ¶ 66; and that there was "direct contact between [Defendants] and [Sirius XM], [including] face-to-face conversation[s], the sharing of documents, [and] other 'substantive communication,'" *BDO Seidman, LLP*, 222 F.3d at 75; *see* Compl. ¶¶ 37, 43.[1]

### C. Breach of the Covenant of Good Faith & Fair Dealing

Finally, Defendants are mistaken that Sirius XM's "claim for breach of the covenant of good faith and fair dealing must be dismissed as duplicative of the breach of contract claim" because the two claims are "based on the same set of facts and seek[] the same relief." Defs.' Letter at 3. The Second Circuit has clarified the case upon which Defendants rely, *Harris v. Provident Life and Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002), holding that where "there is a dispute over the meaning of the contract's express terms, there is no reason to bar a plaintiff from pursuing . . . in the alternative" "claims for both breach of an express contract term and breach of the implied covenant based on the same facts," *Spinelli v. Nat'l Football League*, 903 F.3d 185, 206 (2d Cir. 2018). That is exactly the case here, where Defendants disagree with "the interpretations Sirius XM [] attempts to affix to the copyright regulations cited in the NDAs." Defs.' Letter at 2. Accordingly, both claims can proceed.

---

[1] Defendants also appear to suggest that the negligence and contract claims are time-barred, Defs.' Letter at 3, but there are no factual allegations in the Complaint to support this assertion. *See, e.g.*, *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 51 F. Supp. 2d 457, 468 (S.D.N.Y. 1999) ("[I]f a factual question exists, a court should deny the motion to dismiss based on statute of limitations grounds."). Sirius XM's claims against Defendants accrued on September 6, 2022, when Defendants issued their final report. Compl. ¶ 45. Sirius XM's Complaint was timely filed.

Hon. Naomi Reice Buchwald  
October 9, 2024  
Page 4

**Weil, Gotshal & Manges LLP**

Dated: October 9, 2024          Respectfully submitted,

By:   /s/ Todd Larson

Todd Larson  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, NY  10153  
Telephone: (212) 310-8238  
Facsimile: (212) 310-8007  
Todd.Larson@weil.com