```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

SIRIUS XM RADIO INC.,

                         Plaintiff,              MEMORANDUM AND ORDER

             - against -                         24 Civ. 6953 (NRB)

ADEPTUS PARTNERS, LLC AND LEWIS STARK,

                         Defendants.

----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Sirius XM Radio LLC ("Sirius" or "plaintiff") alleges that defendants Adeptus Partners, LLC ("Adeptus") and Lewis Stark ("Stark") (together, the "defendants") breached contractual and common law duties in the performance of a financial audit. See ECF No. 5, Ex. A ("Compl."). After Sirius filed suit in New York Supreme Court, defendants removed the case to this District. See ECF No. 5. Plaintiff now moves to remand the action and for an award of related fees and expenses. See ECF No. 9. For the following reasons, plaintiff's motion is granted in part and denied in part.

## BACKGROUND

### I. Factual Background

Sirius delivers satellite digital audio radio service and internet radio streaming to over 34 million subscribers nationwide. See Compl. ¶ 6; see also ECF No. 10 ("Mot.") at 2. As required by Section 114 of the Copyright Act, see 17 U.S.C. § 114(d), Sirius,

1

a statutory license holder, makes royalty payments to the owners of copyrighted music through a central collection and distribution agency named SoundExchange, Mot. at 2.  In 2019, SoundExchange sought to examine Sirius's 2018 royalty payments and hired defendants Stark and, later, Adeptus to perform an audit.  Id.

To facilitate the audit, the parties entered into a contract: Sirius gave defendants access to confidential financial information in exchange for defendants' promise to serve as a qualified auditor in "accordance with the independence standards set forth in the Code of Professional Conduct for the American Institute of Certified Public Accountants (AICPA)."  Compl. ¶ 2.  Plaintiff asserts that defendants subsequently "abandoned their independent judgment" and failed to provide the contracted-for audit.  Id. ¶ 3.

## II. Procedural History

Plaintiff brought suit on August 12, 2024 in the Commercial Division for the New York Supreme Court, New York County.  See Sirius XM Radio Inc. v. Adeptus Partners, LLC, et al., No. 654079/2024 (Sup. Ct. N.Y. Cnty., Aug. 12, 2024).  Plaintiff's complaint asserted contract and tort claims and alleged that defendants "conducted a sham 'royalty inspection,'" which "evinced a lack of independence" and "repeatedly departed from generally accepted auditing standards."  Mot. at 2-3.

On September 16, 2024, defendants filed a notice of removal on the grounds that their position as "qualified auditors" implicated

2

a federal question under the Copyright Act. See ECF No. 5. On September 25, 2024, we accepted the instant suit as related to another matter pending before this Court, SoundExchange, Inc. v. Sirius XM Radio Inc., No. 24 Civ. 05491 (NRB). Sirius filed a remand motion on October 3, 2024. ECF No. 9. Defendants filed opposition papers on October 17, 2024, ECF No. 18 ("Opp."), and plaintiff submitted its reply on October 24, 2024, ECF No. 21.

## LEGAL STANDARD

A defendant may remove a civil action from state to federal court "only if [the case] could have originally been commenced in federal court." Allstate Ins. Co. v. Ace Sec. Corp., No. 11 Civ. 1914 (LBS), 2011 WL 3628852, at *3 (S.D.N.Y. Aug. 17, 2011); see also 28 U.S.C. § 1441(a). "If a case is removed and a federal district court determines that it lacks jurisdiction over the matter, it must be remanded." Allstate Ins. Co. v. CitiMortgage, Inc., No. 11 Civ. 1927 (RJS), 2012 WL 967582, at *2 (S.D.N.Y. Mar. 13, 2012).

"On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." Hodges v. Demchuk, 866 F.Supp. 730, 732 (S.D.N.Y. 1994); see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). In light of this burden and the limited jurisdiction of the federal courts, we must

"'construe the removal statute narrowly, resolving any doubts against removability.'" Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir.1994)).

## DISCUSSION

As diversity jurisdiction is not available in this action, removal may only be sustained if the case presents a substantial federal question. See 28 U.S.C. §§ 1331-32, 1441. As no such federal question exists here, we grant plaintiff's motion to remand. We deny, however, plaintiff's request for attorneys' fees.

**A. Remand in the Absence of Federal Question Jurisdiction**

There is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986). Rather, the Supreme Court instructs that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005)). This test is conjunctive, and "all four of these requirements" must be met to sustain federal jurisdiction. AMTAX

Holdings 227, LLC v. CohnReznick LLP, No. 23 Civ. 1124 (NRB), 2024 WL 2866544, at *1 (S.D.N.Y. June 4, 2024).

The parties do not engage on prongs one or two of the Gunn-Grable test, but rather dispute whether any federal issue that may be raised is "substantial."  Plaintiff is of the view that this matter merely involves routine "contract and tort claims" that "'rest on the interpretation' of a state-law contract" and "professional auditing standards," which are wholly independent of the Copyright Act.  Mot. at 6 (quoting AMTAX Holdings, 2024 WL 2866544, at *10).  Defendants take the opposite position, stressing that this dispute is inextricably tied "to [the] interpretation of the [federal] regulations concerning royalty audits," specifically 37 C.F.R. § 382's reference to an "audit" by a "Qualified Auditor."  Opp. at 5, 6.

Ultimately, this matter boils down to a quotidian contract dispute.  We concur with Sirius that this case "turn[s] on whether Defendants abided by their . . . contractual duties" to be "independent," as defined by "reference [to] professional standards that govern the accounting profession." Mot. at 6.  An adjudication of this issue thus requires an application of fundamental contract principles, not provisions of the Copyright Act.  The Copyright Act does no work here other than to outline a basic right to audit royalty payments and require that any such audit be performed by a

5

"Qualified Auditor." See 37 C.F.R. § 382.1. The Copyright Act is therefore just the starting point for the parties' contract.

Of critical importance here is that the term "Qualified Auditor" is not defined in the Copyright Act by an intrinsic, specialized definition, but rather by reference to the meaning afforded to the term under the AICPA Code of Professional Conduct. See 37 C.F.R. § 382.1 (defining a "Qualified Auditor" to mean a "Certified Public Accountant independent within the meaning of the [AICPA] Code of Professional Conduct"); id. § 382.7(d) ("An audit of books and records . . . performed in the ordinary course of business according to generally accepted auditing standards by a Qualified Auditor, shall serve as an acceptable verification procedure . . .").[1]

Accordingly, the Copyright Act neither establishes nor clarifies the standard for royalty audits. Rather, that benchmark is instead set by AICPA. Defendants acknowledge as much, stating that the Copyright Act "provide[s] rather sparse guidance on how the audit is to be completed." Opp. at 2 (emphasis added). This Court struggles to understand how defendants can admit that federal

---

[1] Under AICPA's Professional Code, an auditor can be considered "Qualified" and satisfy standards of "independence" if it maintains: (a) "[i]ndependence of mind," which requires not "being affected by influences that compromise professional judgment, thereby allowing an individual to act with integrity and exercise objectivity and professional skepticism"; and (b) "independence in appearance" by avoiding "circumstances that would cause a reasonable and informed third party . . . [to] conclude that the integrity, objectivity or professional skepticism of a firm or member of the [audit] team is compromised." See AICPA Prof'l Ethics Division, Plain English Guide to Independence, at 1 (Nov. 2021).

6

regulations offer "sparse guidance" on the central questions in this lawsuit while simultaneously suggesting that this case rests upon "substantial" federal issues requiring this Court's expert interpretation of federal law.

Since the fundamental issue in this contract dispute surrounds AICPA's accounting standards rather than a "substantial" issue of federal law, the four-part Gunn-Grable test cannot be satisfied. Thus, there is no reason for this Court to address the test's final prong. Gunn, 568 U.S. at 258 (citing Grable, 545 U.S. at 313–14).

### B. Attorneys' Fees and Costs

Plaintiff also demands that defendants pay its attorneys' fees and costs incurred by the removal of this action from state court, which the Court is permitted to do under 28 U.S.C. § 1447(c). See Mot. at 10. However, "attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Williams v. Int'l Gun-A-Rama, 416. F. App'x 97, 99 (2d Cir. 2011) (citing Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)). In practice, if "lack of jurisdiction was not obvious from the face of the removal petition [and] no unusual circumstances exist [], [] the Court cannot conclude that defendants lacked an objectively reasonable basis for seeking removal." Albstein v. Six Flags Entm't Corp., No. 10 Civ. 5840 (RJH), 2010 WL 4371433, at *4 (S.D.N.Y. Nov. 4, 2010); accord Sherman v. A.J. Pegno Constr. Corp., 528 F.Supp.2d 320, 331 (S.D.N.Y. 2007).

Here, we cannot conclude that defendants' removal was so objectively unreasonable as to support an award of attorneys' fees and costs. This Court accepted the instant case as related to <u>SoundExchange, Inc. v. Sirius XM Radio Inc.</u>, No. 24 Civ. 5491 (NRB), which plainly raises a substantial federal issue.[2] Since the instant dispute implicates similar parties and shares to some degree a common nucleus of fact, defendants could have reasonably, and in good faith, believed that removal was proper. Plaintiff's request for attorneys' fees and costs is therefore denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is granted, but its request for attorneys' fees and costs is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 9 and to remand the case to the New York State Supreme Court, New York County.

**SO ORDERED.**

Dated:    November 19, 2024
         New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[2] A central issue in the case is whether a "collective," as an organizational creation of the Copyright Act, can sue a licensee to collect underpaid royalties.